UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ALFRED D. MOORE, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | File No. 1:11-cv-276-jgm |
| : | |
| CALEDONIA CENTRAL SUPERVISORY : | |
| UNION and DANVILLE SCHOOL, : | |
| : | |
| Defendants. : | |
| : | |

RULING ON MOTIONS TO VACATE DEFAULT AND TO DISMISS
(Docs. 7, 8)

I.  INTRODUCTION

Defendants Caledonia Central Supervisory Union and Danville School move to vacate the default judgment entered against them and to dismiss the complaint filed by Alfred D. Moore, Jr. (Doc. 7.)  Moore commenced this action, after receiving a right to sue letter from the Equal Employment Opportunity Commission (EEOC), alleging a claim for "unlawful employment practices" in November 2011.  (Doc. 1.)  Moore opposes the motions.  (Doc. 9.)  For the reasons stated below, Defendants' motions are granted.

II.  BACKGROUND

In April 2010, Plaintiff filed a charge of retaliation[1] with the EEOC.  (Docs. 1 ¶ 31; 9 at 1.) In a letter dated August 17, 2011, the EEOC granted Plaintiff the right to sue within ninety days of his receipt of the notice.  (Doc. 1-1 (Ex. to Compl.).)  This action followed, with Plaintiff filing a complaint on November 16, 2011, at the tail end of the allowed ninety-day period.  The case remained dormant until summonses as to Defendants were issued on February 9, 2012.  See Feb. 9, 2012 Dkt. Entry.  The case again sat dormant until an April 26, 2012 Order requesting proof of

---

[1] In his opposition, Plaintiff states the charge was for discrimination.  (Doc. 9 at 1.)

service by May 10, 2012, or the case would be dismissed. (Doc. 2.) On May 9, 2012, Plaintiff filed proofs of service demonstrating service on Caledonia Central Supervisory Union on May 2, 2012 (Doc. 4) and on Danville School on May 9, 2012 (Doc. 3). The next activity in the case occurred June 1, 2012 and consisted of the application for and granting of the Clerk's Entry of Default as to both Defendants. (Docs. 5, 6.) The present motion seeking to vacate the default and to dismiss the complaint for insufficiency of service of process was filed on June 15, 2012. (Doc. 7.)

III.   DISCUSSION

    A.   Motion to Vacate Entry of Default

Federal Rule of Civil Procedure 55(c) provides a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In the Second Circuit, the factors the Court should examine in exercising discretion to set aside an entry of default are whether the default was willful, whether setting aside the entry of default would prejudice the adversary, and whether a meritorious defense is presented. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Defaults are generally disfavored and reserved for rare occasions; therefore, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id. Accordingly, the Rule 55(c) standard is lenient, Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981), and there is a strong preference for resolving disputes on the merits. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

As discussed below, a meritorious defense is presented here. Defendants allege insufficiency of service of process. (Doc. 7 at 5-6.) Plaintiff's attempted service in May occurred in response to a Court order issued in April after the March deadline for service of process had passed.

Plaintiff argues he would be prejudiced if the entry of default is vacated because "it will require him and his family to continue to live with the burdens and pressure associated with ongoing

litigation," he has relocated to Maine, his counsel is relocating, and the cost of ongoing litigation is extremely burdensome. (Doc. 9 at 7.) None of these arguments is persuasive. The cost, burden and pressure associated with litigation is a fact of pursuing any litigation and does not suffice to show prejudice simply because a plaintiff will have to prove his case on the merits. Plaintiff and his counsel's relocation also are not factors that establish prejudice to Plaintiff sufficient to warrant the rare remedy of default.

To find a default was willful, it must be clear the defaulting party engaged in deliberate or egregious conduct. See Gucci Am. Inc. v. Gold Center Jewelry, 158 F.3d 631, 634-35 (2d Cir. 1998). Defendants argue their default was not willful because there was understandable confusion as the documents served concerned two related cases and included both summonses and requests to waive service of a summons. See Doc. 7-1 at 1-24. Given Defendants did not attempt to evade service and filed their motion to vacate the default promptly after it was entered, Defendants' conduct does not rise to the level of deliberateness or egregiousness required to find willfulness.

The Court, in its discretion, finds Defendants have met the lenient standard for showing good cause exists to vacate the entry of default. Accordingly, Defendants motion to vacate the default (Doc. 7) is granted.

    B.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(5) allows a defendant who has not been properly served to file a motion to dismiss for "insufficiency of process." Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4 governs federal service of process and (1) requires service be performed within 120 days after the complaint is filed and (2) provides for extensions of the time in which service may be effected. Id. 4(m). Rule 4(m) requires an extension where a plaintiff shows good cause and the Second Circuit has held "district courts have discretion to grant extensions even in the

absence of good cause." Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007). The determination of whether good cause is present, and what if any extension may be appropriate, is made in the Court's discretion. Id. at 197. The Second Circuit "owe[s] deference to [a] district court's exercise of discretion whether or not it based its ruling on good cause." Id.

Where good cause is absent, and dismissal without prejudice could effectively result in dismissal with prejudice due to a statute of limitations, the Second Circuit has held it "will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." Zapata, 502 F.3d at 197.

Here, Plaintiff has not come close to showing good cause for his failure to timely serve Defendants. Despite the issuance of summonses on February 9, 2012, Plaintiff did not even attempt to serve Defendants until May and did so only after receiving a Court order. The 120-day time limit of Rule 4(m) expired in March. Plaintiff failed to move to extend the time for service. The Court's April 27 Order was six weeks after the deadline for Plaintiff to attempt to serve Defendants. Plaintiff's only argument for excusing his late service is that he was waiting for summonses to be issued in a related case "to avoid additional service costs." (Doc. 9 at 4.) This argument is unavailing where Plaintiff's counsel, whose office was located in St. Johnsbury, served the summonses, see Docs. 3, 4, on Defendants just one town and less than ten miles away in Danville. Indeed, Plaintiff's counsel did not even record fees for travel or services. See id.

The Court is aware the dismissal of the complaint without prejudice for insufficiency of service of process, in combination with the limited ninety-day right to sue from the EEOC, may result in Plaintiff being unable to proceed against Defendants. But that does not excuse Plaintiff's failure to serve them in a timely manner. The prejudice to Defendants is clear: if a re-filed action

4

would be barred and the Court accepts Plaintiff's dilatory service, Defendants will be required to defend an otherwise invalid action.  Compare Zapata, 502 F.3d at 192 (affirming dismissal of complaint without prejudice for service that was four days late).

The Court, in its discretion, grants Defendants' motion to dismiss the complaint (Doc. 7.)

IV.     CONCLUSION

For the above reasons, Defendants' motion to vacate the entry of default and to dismiss the complaint for insufficiency of service of process (Doc. 7) is GRANTED.  The motion of Aaron R. Melville, Esq. to withdraw as counsel for the Plaintiff (Doc. 8) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of October, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge